# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

STEVEN DAY,

        Plaintiff,          :          Case No. 3:09-cv-044

                                     District Judge Walter Herbert Rice

        -vs-                         Magistrate Judge Michael R. Merz

                             :

RONALD MORRIS,

        Defendant.

---

## REPORT AND RECOMMENDATIONS; ORDER ON MOTION TO STRIKE

---

This case is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. No. 5); Plaintiff has filed a Response (Doc. No. 9) and a Motion to Strike the Answer (Doc. No. 10).

Plaintiff brought this action *pro se* in the Clark County Common Pleas Court for "legal misrepresentation, breach of contract, gross negligence, and indifferance [sic] to the Civil Rights. . . ." (Complaint Doc. No. 1-2, at 2.) The Complaint avers that Defendant Morris, an attorney at law, was appointed to represent Plaintiff in a felony criminal trial held in the Clark County Common Pleas Court on November 28, 2007. Plaintiff asserts Defendant breached his duties as appointed counsel by not informing Plaintiff that he, Ronald Morris, is a first cousin of the assistant prosecuting attorney who prosecuted the case, Gregory Morris. Plaintiff asserts this relationship created a conflict of interest which resulted in his receiving ineffective assistance of counsel an d that Defendant's failure to reveal the relationship breached a number of duties he owed Plaintiff as his attorney.

Defendant analyzes Plaintiff's Complaint as raising claims under the Sixth Amendment and the Court agrees that the Complaint on its face purports to do so. Any such claims are actionable

at federal law under 42 U.S.C. § 1983. Defendant notes that, as an assistant public defender, his actions in defending Plaintiff were not taken "under color of state law," which is required as an element of any § 1983 case, relying on *Polk County v. Dodson* 454 U.S. 312 (1981). Plaintiff responds that he does not intend to raise any claims under federal law. (Response at 3.) Thus by Plaintiff's concession the Complaint does not state a claim for relief under federal law.

Defendant notes that the various claims made by Plaintiff about his failures as defense counsel all sound in attorney malpractice and Plaintiff does not disagree with this characterization. Defendant notes, however, that his representation of Plaintiff ended with the trial on November 28, 2007, that the statute of limitations for legal malpractice is one year, and that this case was not filed until more than one year after the trial. Plaintiff essentially makes no response to this claim. Indeed, he pleads that he asked Defendant during the course of the representation what his relationship was with Gregory Morris and claims Defendant did not tell him. Thus Plaintiff was on notice of the need to make inquiry and in fact did so before the trial, but then waited for more than a year after the trial to bring suit. Plaintiff's state law claims are thus barred by the applicable statute of limitations, Ohio Revised Code § 2305.11.

Given the foregoing analysis, it is not necessary to consider Defendant's arguments under *Heck v. Humphrey,* 512 U.S. 477(1994), or the question of political subdivision immunity under Ohio Revised Code Ch. 2744.

In accordance with the foregoing analysis, the Complaint herein, analyzed as raising only state law claims as Plaintiff intends, should be dismissed with prejudice as barred by the statute of limitations. Plaintiff's Motion to Strike is denied.

March 5, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

2

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).